IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY _____ D.C.

05 MAY -5 AM 6: 56

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

JAMIE HAMILTON, and wife,
BONNIE HAMILTON,

    Plaintiffs,

v.      No. 1:97-1261-B

GARY MYERS, as Executive Director
of the Tennessee Wildlife Resources
Agency, et al.,

    Defendants.

GARY ARNETT, SHELLY ARNETT, and
JOHN PAUL ARNETT, by next friend,
GARY ARNETT,

    Plaintiffs,

v.      No. 1:97-1263-B

GARY MYERS, as Executive Director
of the Tennessee Wildlife Resources
Agency, et al.,

    Defendants.

## ORDER AFFIRMING DECISION OF THE MAGISTRATE JUDGE

Before the Court is the motion of the Defendants to amend their answers with respect to civil actions No. 1:97-1261 and No. 1:97-1263, currently partially consolidated for trial. The motion was referred to Magistrate Judge S. Thomas Anderson who entered an order on March 1, 2005 denying the motion. Following entry of the order, objections were filed by the Defendants to which the Plaintiffs have responded. Upon a review of all of the relevant pleadings, the Court concludes that

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5-6-05

165

the magistrate judge's findings were neither clearly erroneous nor contrary to law. See Fed. R. Civ. P. 72(a); LR72.1(g)(1), Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn ("Local Rules").

In these cases, Plaintiffs seek a judicial declaration of, and an injunction protecting, their alleged exclusive riparian rights to land now submerged under Reelfoot Lake. Defendants sought to amend their answers to include additional affirmative defenses, arguing that the Plaintiffs had developed new theories after conducting discovery in this case. Specifically, Defendants assert that Plaintiffs initially based their ownership claims on a theory that the lake level had risen as evidenced by several Tennessee Department of Transportation highway plans. (Appeal Order Magistrate Judge Denying Defs.' Mot. Amend Answer at 4.) According to the Defendants, after conducting depositions of experts, Plaintiffs "developed a new theory that the State of Tennessee raised the water level of Reelfoot Lake between 1913 and 1919." The Defendants sought to amend their answers to assert that such a claim is barred by the applicable statute of limitations, laches, and the doctrine of equitable estoppel. (Appeal Order Magistrate Judge Denying Defs.' Mot. Amend Answer at 4.) The magistrate judge determined that the Plaintiffs were not asserting new claims based on the fact that Plaintiffs have not amended their complaints in almost six years and, as the Sixth Circuit noted when a prior ruling of Chief Judge James D. Todd was appealed, the low water mark in 1913 has always been an issue in this action. See Hamilton v. Myers, 281 F.3d 520, 530 (6th Cir. 2002) ("[T]he key determinant of whether the Hamiltons have protected riparian rights is the location of the 1913 low water mark on Reelfoot Lake."). Additionally, Judge Anderson found that the Plaintiffs would be prejudiced by having to expend additional resources to conduct discovery and prepare for trial which is currently set for June 13, 2005.

2

This Court is not persuaded that the magistrate judge's determination is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Although Defendants claim that Judge Anderson abused his discretion in denying their motion on the potential delay, it is clear that he also determined that Plaintiffs would be prejudiced by having to expend more resources to rebut the additional defenses. As Judge Anderson correctly noted, "[l]eave to amend may be denied when it would result in undue delay [or] prejudice to the opposing party." See Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994) (citing Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Prejudice exists when the amendment requires the opponent to incur additional expense to conduct discovery and prepare for trial or significantly delays the resolution of the dispute. See id. at 663. Moreover, although delay should not be the only reason for denying an amendment, see Wade v. Knoxville Utilities Board, 259 F.3d 452, 458 (6th Cir. 2001), these cases have been pending in this Court for over seven years and postponing resolution of them certainly works some hardship on the Plaintiffs. Finally, this Court is not convinced that Plaintiffs are asserting any "new theory" because the water level of Reelfoot Lake has always been central to the Plaintiffs' claims for relief. See Hamilton, 281 F.3d at 530. Accordingly, the Defendants' objections are OVERRULED and the magistrate judge's order is AFFIRMED.

**IT IS SO ORDERED** this 4th day of May, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 165 in case 1:97-CV-01261 was distributed by fax, mail, or direct printing on May 6, 2005 to the parties listed.

---

Kim Koratsky
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Charles H. Barnett
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

T. Larry Edmondson
800 Broadway
3rd Floor
Nashville, TN 37203

Glen G. Reid
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177--500

Honorable J. Breen
US DISTRICT COURT